IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
LENA THOMAS,                             )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )    No. CIV-06-325-FHS
                                         )
AMERICAN BROADCAST CO., INC. (ABC)       )
and its affiliates; NBC                  )
BROADCASTING, INC. (NBC) and its         )
affiliates; CBS BROADCASTING, INC.       )
(CBS) and its affiliates; FOX            )
ENTERTAINMENT GROUP, INC. (FOX)          )
and its affiliates; and DOES 1           )
THROUGH 1000, ET ALS.;                   )
                                         )
          Defendants.                    )
```

**ORDER**

Plaintiff, Lena Thomas, has moved the Court for leave to proceed *in forma pauperis* on her complaint against the above-named Defendants alleging copyright infringement, civil right violations, invasion of privacy, and various other torts in connection with a purported copyrighted book of fiction written by her entitled "*Angels Under Siege.*" Plaintiff has submitted her affidavit in support of her motion to proceed *in forma pauperis*. Having reviewed the motion and affidavit, the Court finds Plaintiff is entitled to proceed *in forma pauperis* in the prosecution of this action. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is therefore granted.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 19, 324 (1989). The ability to file a case under this statute, however, is

1

not without limitations.  Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke 490 U.S. at 324.

A court may dismiss an *in forma pauperis* suit if "it lacks an arguable basis either in law or in fact."  Id. at 325.  With respect to factual frivolousness, courts are authorized to dismiss such suits "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'  Jolly v. Klein, 923 F.Supp. 931, 942 (S.D. Tex. 1996)(quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  To sustain a dismissal for frivolousness the facts must "rise to the level of the irrational or the wholly incredible."  Jolly, 923 F.Supp. at 942.  Dismissal is not warranted "simply because the court finds the Plaintiff's allegations unlikely."  Id. at 942-43.

This is the second time Plaintiff has come before the Court with these allegations related to her book "*Angels Under Siege*." In Thomas v. Muskogee Sheriff's Department, et al., CIV-05-265-S, this Court dismissed Plaintiff's civil rights complaint as frivolous pursuant to § 1915(e)(2)(B)(i).  That finding was upheld on appeal by the Tenth Circuit Court of Appeals in an Order and Judgment entered on December 25, 2005.  Plaintiff's filing of this action on August 11, 2006, is simply a recasting of the non-specific, conclusory rantings of conspiratorial conduct she asserted in CIV-05-265-S.  Plaintiff's attempt to cast this matter

2

as a copyright infringement action does nothing to cure the lack of specificity which permeates her complaint. In the instant complaint, Plaintiff makes generalized charges of defendants conspiring to (1) "infringe on plaintiff's copyrights to her book and various other printed matter, when they conspired to steal words, phrases, scenes and ideas," (2) "violate, interfere with and deprive plaintiff of her civil rights and avert the sale and distribution of said book," and (3) "defraud, defame, demonize, devalue, discredit, humiliate and destroy plaintiff, because of the nature of what is written in said book." Complaint, p.4. Plaintiff alleges that by taking these actions defendants have "sabotaged and/or caused others to sabotage her computer, cyberstalking, and started and/or continued an aggressive, grievous, vicious, slanderous, libelous campaign to set plaintiff up" and have caused others to believe plaintiff "was a prostitute, easy, a liar, a devil, a terrorist, a child abuser or sexual predator and a serious, violent, abusive criminal." Id. Without any specificity whatsoever, Plaintiff finally alleges defendants "took the words, phrases, scenarios, themes, situations, and scenes, etc., stolen from plaintiff's books and other written documents (articles, e-mails, life, written and spoken work, etc.), and used, reproduced, imitated, disguised, altered, transmitted, recited, released, created, derived and developed shows from them, and published, them in various Soap Operas, television shows, Talk Shows, Sitcoms and Commercials." Id. at 5.

The Court concludes these allegations, as well as the balance of the allegations contained in Plaintiff's complaint, authorize the Court to dismiss Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The complaint is devoid of any factual data linking Defendants to Plaintiff's perceived persecution. In short, Plaintiff's conclusory and non-specific complaint wholly

3

fails to state what any defendant has done to violate any of the rights asserted by Plaintiff. Plaintiff's generalized charges of "conspiracy", "infringement", "fraud", "sabotage", etc, do not inform the Defendants of what they have done to violate Plaintiff's rights. Consequently, Plaintiff's complaint is frivolous and should be dismissed as it lacks an arguable basis in fact. <u>Neitzke</u>, 490 U.S. at 325 (an *in forma pauperis* suit may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact").

Based on the foregoing reasons, the Court finds Plaintiff's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and orders this action dismissed in its entirety.

It is so ordered this 9th day of April, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma